## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| **RICHARD WISBY,**<br>**individually and on behalf of all others similarly**<br>**situated,** | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **TNT CRANE & RIGGING, INC.** | § § | **COLLECTIVE ACTION PURSUANT**<br>**TO 29 U.S.C. § 216(b)** |
| *Defendant.* | § § § | |

## <u>ORIGINAL COLLECTIVE ACTION COMPLAINT</u>

Plaintiff—Richard Wisby ("Wisby")—brings this action individually and on behalf of all other similarly situated employees (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendant—TNT Crane & Rigging, Inc. ("TNT Crane")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover unpaid compensation, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA").

Plaintiff's FLSA claims are asserted as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
## OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA.

2.      Plaintiff and the Putative Collective Members are those similarly situated persons who worked for TNT Crane, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal law.

3.      Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4.      During the relevant time period, TNT Crane knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for overtime compensation on a routine and regular basis.

5.      Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

6.      Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.      Plaintiff prays that all similarly situated Putative Collective Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8.      Plaintiff Richard Wisby was employed by TNT Crane in Corpus Christi, Texas during the relevant time period. Plaintiff Wisby did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9.      The FLSA Collective Members are those current and former Dispatchers who were employed by TNT Crane, anywhere in the United States, at any time from June 11, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wisby worked and was paid.

10.     Defendant TNT Crane & Rigging, Inc. is a domestic for-profit corporation, licensed to and doing business in Texas, and can be served through its registered agent:  **Capitol Corporate Services, Inc., 1501 S. Mopac Expy, Ste. 220, Austin, Texas 78746.**

## III.
## JURISDICTION & VENUE

11.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

12.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

13.     This Court has general and specific personal jurisdiction over TNT Crane because its headquarters are located in Texas and because Plaintiff's claims arose within this Texas District as a direct result of Defendant's conduct within this District.

14.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1]  The written consent of Richard Wisby is hereby attached as Exhibit "A."

15.     Additionally, Plaintiff Wisby worked for TNT Crane in and around Corpus Christi, Texas which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

### Plaintiff Wisby's Employment with TNT Crane

16.     TNT Crane is an crane rental company operating primarily around the State of Texas.[2]

17.     To provide its services, TNT Crane employed (and continue to employ) numerous salaried dispatchers—including Plaintiff and the Putative Collective Members.

18.     Plaintiff Wisby worked for TNT Crane as a dispatcher from approximately April 2015 until February of 2025.

### Plaintiff and the Putative Collective Members are Similarly Situated

19.     Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies of TNT Crane resulting in the complained of FLSA violations.

20.     Plaintiff and the Putative Collective Members were employed by TNT Crane as salaried Dispatchers, who were not paid any overtime compensation for hours worked in excess of forty (40) hours each week.

21.     Plaintiff and the Putative Collective Members' job duties included: receiving customer orders; entering order information into a database; providing the driver directions to the job site, if necessary; answering customer questions; answering driver questions; and entering in sales information into a database.

22.     While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

---

[2] https://tntcrane.com/about/

23.     Although Plaintiff and the Putative Collective Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime compensation for all hours worked in excess of forty (40) hours per workweek.

**Dispatchers Were Not Exempt From Overtime**

24.     TNT Crane paid (and continues to pay) Plaintiff and the Putative Collective Members a salary and classifies them as exempt from overtime under the FLSA.

25.     Plaintiff and the Putative Collective Members are (or were) **_non-exempt_** salaried Dispatchers employed by TNT Crane during the relevant time-period.

26.     None of the FLSA exemptions relieving a covered employer (such as TNT Crane) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

27.     Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of TNT Crane resulting in the complained of FLSA violations.

28.     Plaintiff and the Putative Collective Members were all paid a salary but no overtime.

29.     Plaintiff and the Putative Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by TNT Crane.

30.     Specifically, Plaintiff and the Putative Collective Members' job duties consisted of answering questions from drivers, dispatching drivers to deliver cranes, and entering data into TNT Crane's database to track deliveries.

31.     Plaintiff and the Putative Collective Members' job duties were larely controlled by set procedures for how to enter in sales information and how to select a crane and crew that meets the customer's specification.

32.     Plaintiff and the Putative Collective Members all perform the same primary duties nationwide regardless of their specific job title or location.

33.     They abide by the same policies and procedures, regardless of their specific job title or location.

34.     Plaintiff and the Putative Collective Members do not perform work that is directly related to the management of general business operations of TNT Crane.

35.     Instead, Plaintiff and the Putative Collective Members perform work directly related to the production side of TNT Crane's business.

36.     Plaintiff and the Putative Collective Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

37.     Plaintiff and the Putative Collective Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

38.     Plaintiff and the Putative Collective Members do not customarily and regularly direct the work of two or more other employees.

39.     Plaintiff and the Putative Collective Members are not responsible for setting schedules or rates of pay.

40.     Plaintiff and the Putative Collective Members cannot deviate from TNT Crane's requirements or instructions without permission.

41.     Plaintiff and the Putative Collective/Class Members typically worked (and continue to work) approximately fifty (50) hours per week.

42.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

43.     Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

44.     TNT Crane denied Plaintiff and the Putative Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

45.     Plaintiff and the Putative Collective Members are non-exempt employees under the FLSA.

46.     Although it is well-known that production-side workers like Plaintiff and the Putative Collective Members are **_not_** exempt from overtime, TNT Crane did not pay Plaintiff and the Putative Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

47.     TNT Crane applied this pay practice despite clear and controlling law that states that the routine duties which were performed by Plaintiff and the Putative Collective Members consisted of **_non-exempt_** work.

48.     The decision by TNT Crane not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

49.     Because TNT Crane did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, TNT Crane's pay policies and practices violated (and continue to violate) the FLSA.

50.     TNT Crane knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

51.     TNT Crane wilfully violated the FLSA by classifying Dispatchers as exempt from overtime while knowing that its Dispatchers did not qualify for any exemption to the FLSA's overtime requirement.

52.     Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

53.     Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

54.     The preceding paragraphs are incorporated as though fully set forth herein.

55.     The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER DISPATCHERS WHO WERE EMPLOYED BY TNT CRANE & RIGGING, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 11, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

56.     At all material times, TNT Crane has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

57.     At all material times, TNT Crane has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

58.     At all material times, TNT Crane has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59.     Specifically, TNT Crane operates on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

60.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by TNT Crane, these individuals provided services for TNT Crane that involved interstate commerce for purposes of the FLSA.

61.     In performing work for TNT Crane, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who assisted TNT Crane's customers while operating machinery manufactured and designed out of state. 29 U.S.C. § 203(j).

63.     At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

64.     The proposed class of similarly situated employees—that is, FLSA Collective Members—sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 55.

65.     The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee and personnel records of TNT Crane.

B.     **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

66.     TNT Crane has violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without

compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

67.     Moreover, TNT Crane knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

68.     TNT Crane knew or should have known its pay practices were in violation of the FLSA.

69.     TNT Crane is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

70.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted TNT Crane to pay them according to the law.

71.     The decisions and practices by TNT Crane to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked was neither reasonable nor done in good faith.

72.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

73.     All previous paragraphs are incorporated as though fully set forth herein.

74.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf TNT Crane's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

75.     Other similarly situated employees of TNT Crane have been victimized by TNT Crane's patterns, practices, and policies, which are in willful violation of the FLSA.

76.     The FLSA Collective Members are defined in Paragraph 55.

77.     TNT Crane's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of TNT Crane, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

78.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

79.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

80.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

81.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

82.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and TNT Crane will retain the proceeds of their rampant violations.

83.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 55 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

85.    Plaintiff respectfully prays for judgment against TNT Crane as follows:

a.    For an Order certifying the FLSA Collective as defined in ¶ 55 and requiring TNT Crane to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to § 16(b) of the FLSA finding TNT Crane liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.    For an Order awarding the costs of this action;

e.    For an Order awarding attorneys' fees;

f.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.    For an Order awarding Plaintiff Wisby a service award as permitted by law;

h.    For an Order compelling the accounting of the books and records of TNT Crane, at TNT Crane's expense, should discovery prove inadequate; and

i.    For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 11, 2025                Respectfully submitted,

                                     **ANDERSON ALEXANDER, PLLC**

                     By:    /s/ *Clif Alexander*
                                     **Clif Alexander**
                                     Federal I.D. No. 1138436
                                     Texas Bar No. 24064805
                                     clif@a2xlaw.com
                                     **Austin W. Anderson**
                                     Federal I.D. No. 777114
                                     Texas Bar No. 24045189
                                     austin@a2xlaw.com
                                     **Lauren E. Braddy**
                                     Federal I.D. No. 1122168
                                     Texas Bar No. 24071993
                                     lauren@a2xlaw.com
                                     **Carter T. Hastings**
                                     Federal I.D. No. 3101064
                                     Texas Bar No. 24101879
                                     carter@a2xlaw.com
                                     101 N. Shoreline Blvd., Suite 610
                                     Corpus Christi, Texas 78401
                                     Telephone: (361) 452-1279
                                     Facsimile: (361) 452-1284

                                     ***Counsel for Plaintiff and the Putative Collective Members***